J. B. WILLIAMSON et al. v. E. J. D. BOYKIN et al.

*Res judicata— Vacating Judgments—"Excusable Neglect"— Certiorari.*

Where it appeared, upon a motion made in the Supreme Court to set aside a judgment therein rendered, refusing to grant the writ of *certiorari*, that the facts upon which the motion was based were known, or might, with reasonable diligence, have been ascertained, upon the hearing of the petition for the *certiorari*, the motion to vacate was denied.

At February Term, 1888, of the Supreme Court, the defend-ants filed a petition for a writ of *certiorari* to bring up for review the judgment rendered in this action against them in the Superior Court of WILSON County.   (See 99 N. C., 238.)

That petition having been dismissed, they now move to set aside the judgment dismissing it, with a view to a recon-sideration of the matter.

In support of the present motion, they offered affidavits tending to show that the sum  referred to in the affidavits of respondents and in the opinion of this Court on the hearing of the petition, as being paid by way of compromise, were not, in fact, so paid, but for an entirely different purpose, and that the defendants had no knowledge that such judg-ments were intended to be, or had been, so applied, until after the dismissal of the petition, and, therefore, they had no opportunity to combat that contention.

The plaintiffs filed affidavits denying these allegations.

*Messrs. F. A. Woodard* and *George Rountree*, for the plaintiffs.
*Messrs. George V. Strong* and *H. F. Murray*, for the defend-. ants.

WILLIAMSON *v.* BOYKIN.

AVERY, J.  If this Court has the power to vacate such a judgment at all, on the ground of surprise or excusable neglect (as the petitioners contend it has), the petitioner has not, even if the allegations of his petition be admitted, shown such facts as would justify the exercise of the right in this case.  The proposition, upon its face, to first annul the order disallowing the motion for a writ of *certiorari*, and then rehear the petition, with such supporting affidavits as might be offered by the defendants, is certainly a novel one.

It is not necessary that we should determine whether we could grant such relief in any case.  It is sufficient to state that, conceding the power to exist, the petitioners have failed to show, in any view, such merit as ought to induce us to exercise it.  Both petitioners and respondents were before this Court, and had the opportunity to present affidavits of all persons who were cognizant of any material facts, and, from the nature of the case, they must have known the persons who were consulted or had knowledge of any agreement in reference to the right of appeal, made while the parties were imparling as to a compromise.

To hold that the losing party might have the controversy re-opened now to strengthen his case, by the use of greater diligence in procuring affidavits, would be to make a precedent calculated to subvert the old maxim, "*Interest republicæ, ut sit finis litis.*

Petition dismissed.